Asaad K. Siddiqi, Esquire (AS 9150)
Pashman Stein Walder Hayden
Court Plaza South
21 Main St., Suite 200
Hackensack, NJ 07601
(201) 488-8200
asiddiqi@pashmanstein.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, Individually, | : |
| Plaintiff, | : |
| vs. | : Case No. |
| PORT-O-CALL ASSOCIATES, L.P., a New Jersey Limited Partnership, | : |
| Defendant. | : |

## **COMPLAINT**

Plaintiff, DENNIS MAURER, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PORT-O-CALL ASSOCIATES, L.P., a New Jersey Limited Partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the

New Jersey Law Against Discrimination (N.J.S.A.).

1. Plaintiff, Dennis Maurer, is an individual residing at 8 Prospect Ave, Egg Harbor Township, NJ 08234, in the County of Atlantic.

2. Defendant, PORT-O-CALL ASSOCIATES, L.P., is a New Jersey Limited Partnership, which holds title to the subject property alleged by Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant's property, Port-O-Call Hotel, is located at 1510 Boardwalk, Ocean City, NJ 08226, in the County of Cape May.

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Dennis Maurer is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Maurer has multiple sclerosis and is mobility impaired, and uses a wheelchair for mobility. Dennis Maurer has stayed at the property on March 10, 2016, which forms the basis of this lawsuit, and has confirmed reservations to return to the subject hotel on December 31, 2016, to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The ADA violations and barriers to access at the Port-O-Call Hotel are

more specifically set forth in this Complaint. The barriers to access at the property have endangered his safety.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Port-O-Call Hotel, and is located at 1510 Boardwalk, Ocean City, NJ 08226.

8. Dennis Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Dennis Maurer desires to visit the subject property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Port-O-Call Hotel has shown that violations exist.

These violations that Dennis Maurer personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

A. Port-O-Call Hotel fails to provide a safe accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 Accessibility Standards. Mr. Maurer was unable to unload freely and safely from his vehicle to check-in.

B. The exterior accessible route throughout Port-O-Call Hotel is impeded by slopes at the base of the door and steps along the route, violating Section 404 of the 2010 Accessibility Standards.

C. Plaintiff, Dennis Maurer as a guest of the hotel was affected by a lack of compliant access aisles to unload from his vehicle, violating Section 502 of the 2010 Accessibility Standards.

D. Curb ramps throughout the hotel are a hazard to those in wheelchairs and are not provided in all areas, violating Section 406 of the 2010 Accessibility Standards.

E. Port-O-Call Hotel fails to provide an accessible route to the adjacent sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. Mr. Maurer could only leave the hotel by car due to the lack of route to the sidewalk.

**Access to Goods and Services**

F. Lowered counters for accessible use at check-in at Port-O-Call Hotel are not provided, violating Section 904 of the 2010 Accessibility Standards. Mr. Maurer was impeded by a lack of reach range while accessing the desk.

G. Port-O-Call Hotel fails to provide desks with adequate knee clearance, violating Section 306 of the 2010 Accessibility Standards.

H. Phones and other elements throughout Port-O-Call Hotel are mounted beyond the reach of Mr. Maurer and those in wheelchairs, violating Section 308 of the 2010 Accessibility Standards.

I. Water fountains are not accessible for those in wheelchairs at Port-O-Call Hotel, violating Section 602 of the 2010 Accessibility Standards.

J. Port-O-Call fails to provide accessibility to and at the pool, violating 2010 Accessibility Standards.

**Hotel Guestrooms and Restrooms**

K. Mr. Maurer requires a roll-in shower as a hotel guest of Port-O-Call Hotel. He was unable to shower due to a lack of accessible roll-in showers, violating Section 608.2 of the 2010 Accessibility Standards.

L. Desks in guestrooms fail to provide adequate knee clearance for those in wheelchairs, violating Section 306 of the 2010 Accessibility Standards.

M. Port-O-Call Hotel provides improper hardware and other essential elements lack accessibility in the guestrooms, violating the 2010 Accessibility Standards.

N. Restrooms provided in the guestrooms and lobby are improperly designed and Mr. Maurer was unable to use the restroom freely and safely, violating Section 601 of the 2010 Accessibility Standards.

O. Guestrooms lack maneuvering clearance to exit the room, violating Section 404 of the 2010 Accessibility Standards. Mr. Maurer was stuck in his guestroom and needed assistance to open the door.

11. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the

Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28

CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Port-O-Call Hotel to make its facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

18. Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

19. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

8

20. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.)

21. As a result of the aforementioned discrimination, Plaintiff Dennis Maurer has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Dennis Maurer demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully Submitted,

Asaad K. Siddiqi, Esquire (AS 9150)
Pashman Stein Walder Hayden
Court Plaza South
21 Main St., Suite 200
Hackensack, NJ 07601
(201) 488-8200
asiddiqi@pashmanstein.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: _____
Asaad K. Siddiqi, Esquire

Date: June 2, 2016

Counsel for Plaintiff Dennis Maurer

#4934-Port-O-Call Associates Complaint Pkg (slm 5-11-16).wpd